# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:17-CV-261-MR-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NORTH CAROLINA ex rel. Amanda Sharpe, and AMANDA SHARPE, individually, <br><br>         Plaintiffs, <br><br>v. <br><br>ALLERGY PARTNERS, P.A., and DAVID A. BROWN, M.D., <br><br>         Defendants. | **PROTECTIVE ORDER** |

The Parties having stipulated that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the Parties to each other in response to discovery requests in this matter, and also shall apply to documents served upon third parties, or produced by such pursuant to subpoena, the Court hereby enters the following Protective Order.

1. <u>DEFINITIONS</u>

  1.1 <u>Confidential Information</u>: all Material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" in accordance with Sections 4 and 5. A Producing Party may designate any Material as "Confidential" if it contains trade secrets, proprietary business information, competitively sensitive information, personal information, or other information, the disclosure of which, to persons or entities not identified in Section 7.2 would, in the good faith judgment of the Producing Party, cause injury to any person or to the conduct of the Producing Party's business or the business of any of the Producing Party's customers or clients. A Producing Party may also designate any Material as "Confidential" if it contains proprietary business

information or competitively sensitive information of a third-party and the Producing Party has an obligation to keep the information confidential. A Producing Party may designate any Material as "Confidential—Attorneys' Eyes Only" if, in the good faith judgment of the Party making such designation, the information embodies or contains extremely sensitive trade secrets or non-public confidential personal and/or proprietary business, commercial, or financial information.

1.2    Material: all documents, deposition transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admission, inspections, and physical evidence, and any other information or items produced pursuant to discovery obligations in this case or otherwise given, received, or exchanged by or among the Parties or filed with the Court and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format.

1.3    Party: any party to this action, including any officer, director, manager, member, employee, representative, agent, consultant, retained expert, outside counsel (and their support staff), or other person or entity acting or purporting to act on behalf of or at the direction of any party.

1.4    Receiving Party: a Party or non-party that receives Material from a Producing Party.

1.5    Producing Party: a Party or non-party that produces Material in this action.

1.6    Designating Party: a Party or non-party that designates Material as "Confidential" or "Confidential—Attorneys' Eyes Only" in accordance with Section 4.

1.7     Outside Counsel: attorneys of record in this action who are not employees of a Party, but who are retained to represent or advise a Party, including any counsel retained by contract for the sole purpose of reviewing documents for discovery in the Litigation.

1.8     In-House Counsel: attorneys who are employees of a Party or an affiliate of a Party and who provide legal services to a Party.

1.9     Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

1.10    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action.

1.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

1.12    Joinder: the "Acknowledgment and Agreement to Be Bound by Protective Order" the form of which is attached as **Exhibit A**.

1.13    Litigation: as used herein, the term "Litigation" shall mean and refer solely to proceedings in the above-captioned lawsuit including, without limitation, any appeal or retrial.

1.14    HIPAA: the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

1.15    Protected Health Information ("PHI"): has the same meaning as in HIPAA and the Privacy Standards, and as defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not

limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

1.16    Privacy Standards: the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2003).

1.17    Covered Entity: any entity defined by 45 C.F.R. § 160.103 (2003).

1.18    Signatory: any Party to this Litigation, its attorneys, and any non-party that a court may subsequently recognize as a signatory of this protective order.

2.    SCOPE

The protections conferred by this Order cover not only Confidential Information, but also any information copied or extracted from Confidential Information, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Confidential Information. To the extent that during the course of this litigation, "Confidential" or "Confidential— Attorneys' Eyes Only" Material needs to be served on or produced to counsel for the United States or the State of North Carolina, such service or production shall be conditioned upon such entity's first agreeing to be bound by the terms of this Order.

3.    DURATION

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4. DESIGNATING CONFIDENTIAL INFORMATION

<u>Manner and Timing of Designations</u>. Material sought to be protected under this Order must be clearly designated at the time the Material is disclosed or produced. The inadvertent production of Materials not designated as "Confidential" or "Confidential—Attorneys' Eyes Only" will not be deemed a waiver of any future claim of confidentiality concerning such Materials. Should a Producing or Receiving Party discover or determine that Materials should have been designated as "Confidential" or "Confidential—Attorneys' Eyes Only," the Producing or Receiving Party shall be permitted to move the Court for appropriate relief, consistent with applicable law. Until such time as an order to the contrary is entered by the Court, if ever, the Parties shall treat the Materials pursuant to the new designation under the terms of this Order.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (whether in electronic or physical form, but apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing or Receiving Party conspicuously affix the legend "Confidential" or "Confidential—Attorneys' Eyes Only" on each page of each document that contains Confidential Information. For avoidance of doubt, the affixing of such legend on the first page or any other page of any document does *not* confer Confidential status on any page of that document that does not also bear that legend, *except that* in the case of electronic documents, the addition of such legend to the filename of a document shall confer Confidential status on the whole document, and the addition of such legend to the name of an electronic folder shall confer Confidential status on all documents therein, in their respective entireties.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party identify on the record all protected testimony, or within ten (10) business days after the transcript is received after the close of the deposition, hearing, or

other proceeding specify any portions of the testimony that qualify as "Confidential" or "Confidential—Attorneys' Eyes Only." Only those portions of the testimony that are designated for protection within the ten-business-day period shall be covered by the provisions of this Order. Until the expiration of the ten-business-day period, all deposition testimony shall be deemed "Confidential" and treated as if so designated.

The Party or non-party offering or sponsoring the witness or presenting the testimony shall direct the court reporter to mark the transcript pages (and exhibits if a Designating Party has identified such exhibits pursuant to Section 4(a)) containing Confidential Information with the legend "Confidential" or "Confidential—Attorneys' Eyes Only."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing or Receiving Party affix in a prominent place on the exterior of the object, filename, container or containers, or electronic file folder in which the information or item is stored, as applicable, the legend "Confidential" or "Confidential—Attorneys' Eyes Only."

5. <u>PROTECTED HEALTH INFORMATION ("PHI")</u>

5.1 The Signatories are familiar with HIPAA and the Privacy Standards.

5.2 The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and non-parties and their attorneys and representatives.

5.3 Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this Litigation.

5.4     The Signatories agree not to use or disclose the PHI released for this Litigation for any other purpose or in any other proceeding.

5.5     The Parties agree that they shall treat all PHI as "Confidential" (as defined herein), whether or not explicitly so designated. The Parties further agree *not* to designate as "Confidential—Attorneys' Eyes Only" any document for the sole reason that it contains the PHI of any person.

5.6     The Signatories are permitted to use the PHI in any manner that is reasonably connected with this Litigation and is consistent with its designation as "Confidential." This includes, but is not limited to, disclosures to the Parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the Parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the Litigation.

5.7     A Party seeking to file with the Court any Material containing PHI, including without limitation pleadings, motion papers, memoranda of law, briefs, affidavits, declarations, and stipulations, must either (a) "de-identify" said PHI before filing, in accordance with 45 CFR § 164.514(b), or (b) seek to file the Material under seal in accordance with Local Rule 6.1. For avoidance of doubt, a Party shall de-identify PHI *only* if seeking to file a document containing that PHI with the Court, without sealing.

5.8     The Signatories agree that within 30 days of (a) dismissal of this Litigation, (b) the issuance of a final order, or (c) the extinguishment of all appeals, whichever is earliest, all Signatories that obtained PHI during the course of this Litigation shall destroy said PHI, and shall so certify according to Section 11.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Meet and Confer. Consistent with Local Rule 7.1(b), a Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and, prior to seeking involvement of the Court, must confer directly (in voice-to-voice or face-to-face dialogue; other forms of communication are not sufficient) with counsel for the Designating Party in an attempt to resolve any dispute. The Parties shall observe the initial designation during the pendency of any challenge thereto.

6.2 Non-Waiver. Neither a failure to timely challenge a Designating Party's confidentiality designation, nor any delay in making such a challenge shall (a) constitute a waiver, (b) preclude a challenge to a Designating Party's confidentiality designation, or (c) be used in any way to contest a challenge or in support of a Designating Party's claim of confidentiality.

7. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

7.1 Basic Principles. A Receiving Party may use Confidential Information that is disclosed or produced by another Party or by a non-party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation and for no other purposes. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "Confidential" may be disclosed only to:

(a) Outside Counsel, as well as attorneys, paralegals, legal secretaries, and administrative staff of the law firm(s) of Outside Counsel to whom disclosure is reasonably necessary for this Litigation;

(b) A Receiving Party, if an individual, or if a business entity, the officers, directors, managers, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed a Joinder;

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed a Joinder;

(f) Witnesses and deponents of the Designating Party;

(g) Non-parties, including affiliates of a Party, to whom disclosure is reasonably necessary for this Litigation and who have signed a Joinder;

(h) Other witnesses or deponents whose testimony is reasonably related to the Confidential Information sought to be disclosed to them, and who have signed a Joinder;

(i) The author or recipient of the document, or the original source of the information; and

(j) Any mediator selected by the Parties or appointed by the Court in this action as well as his or her staff.

7.3 <u>Disclosure of Confidential—Attorneys' Eyes Only Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "Confidential—Attorneys' Eyes Only" may be disclosed only to:

(a) Outside Counsel, as well as attorneys, paralegals, legal secretaries, and administrative staff of the law firm(s) of Outside Counsel to whom disclosure is reasonably necessary for this Litigation;

(b) In-House Counsel of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the Joinder;

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed a Joinder;

(f) The author or recipient of the document, or the original source of the information; and

(g) Any mediator selected by the Parties or appointed by the Court in this action as well as his or her staff; except that the Parties specifically agree *not* to designate any of the following as "Confidential—Attorneys' Eyes Only":

(i) any document (electronic or physical) created or used by Relator in the normal course of her employment with Defendants;

(ii) any email or other written communication of which Relator was either the author or a recipient, or which refers to Relator;

(iii) any attachment to any email of which Relator was either the author or a recipient, or which refers to Relator;

(iv) any written, audio, or video record of any meeting which Relator attended;

(v) any official policies of Defendants that were in effect at any time during Relator's employment with Defendants; or

(vi) Relator's personnel file.

7.4 Counsel for the Receiving Party shall maintain the original of each Joinder signed pursuant to this Order and shall promptly forward a copy thereof to Counsel for the Producing Party and/or the Designating Party upon request.

7.5 Nothing herein shall restrict the manner in which a Producing Party may use or disclose its own Confidential Information.

8. FILING CONFIDENTIAL INFORMATION

A Party seeking to file with the Court Material designated "Confidential" or "Confidential—Attorneys' Eyes Only" or containing or referring to Confidential Information, including without limitation pleadings, motion papers, memoranda of law, briefs, affidavits, declarations, and stipulations, must either (a) seek to file the Material under seal in accordance with Local Rule 6.1, or (b) consult with the Producing Party as to whether the Confidential Information can be redacted. If the Parties are unable to agree on redaction and the Party still seeks to file the Material, it must either (a) seek to file the Material under seal, or (b) seek the involvement of the Court.

9. <u>CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If any third party (including a governmental agency) subpoenas, requests, or moves to compel discovery from a Receiving Party any Confidential Information, or if a Receiving Party is otherwise requested or required (by oral questions, interrogatories, requests for information or documents, civil investigative demand, or similar process) to disclose any Confidential Information, the Receiving Party must so notify the Producing Party. The notification must be in writing by fax or email, if possible, and if not, by first-class mail to the address of counsel of record in this action as shown on the Docket of this Court.

The notification must be made as soon as possible and must be received by no more than three (3) business days after the Receiving Party receives the applicable subpoena, request, motion, or order. Such notification must include a copy of such subpoena, request, motion, or order. Notwithstanding the above, there shall be no obligation to provide notice of the subpoena, request, motion, or order where such notice is prohibited by statute, regulation, court order, or operation of law.

The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. No Receiving Party shall disclose Confidential Information in response to a subpoena or other discovery request before the date required by the terms thereof or by applicable law.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing

Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. If, failing entry of a protective order, a Receiving Party is compelled to disclose Confidential Information, that Receiving Party may, without liability hereunder, disclose such portion of the Confidential Information as it is so compelled to disclose.

10.  UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information designated by another Party or non-party to any person or in any circumstance not authorized under this Order, the Party must immediately (a) notify in writing the Producing or Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute a Joinder.

11.  USE OF CONFIDENTIAL INFORMATION AT TRIAL OR IN DEPOSITION

Nothing herein shall prevent any of the Parties from using Confidential Information in connection with any trial, hearing, deposition of a Party or non-party witness, or any other proceeding in this matter or from seeking further protection with respect to the use of any such Confidential Information in connection with such trial, hearing, deposition of a party or third- party witness, or other proceeding in this matter.

12.  FINAL DISPOSITION

This Order shall remain in force and effect until modified, superseded, or terminated by further order of the Court, and shall survive the termination of this action. Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final

termination of this action, including, without limitation, all appeals and retrials, each Receiving Party must destroy or return all Confidential Information to the Producing Party; provided, however, that no Party shall be required to return or destroy any Confidential Information that it is required by statute, rule, regulation, or other governmental mandate to retain. As used in this Section, "all Confidential Information" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth in Section 3 above.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION</u>

A Producing Party's inadvertent disclosure in connection with this action of documents that such Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity in this case or any other action. In such an instance, the Parties shall follow Fed. R. Civ. P. 26(b)(5)(B) and the process set forth above in Section 5 to resolve the claim.

Counsel may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced. In the event of a motion to compel production of the alleged Privileged Documents, it shall be the responsibility of the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the alleged Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery, and to comply with Section 7 if the alleged Privileged Documents are filed with the Court. If the Court so requests, the Producing Party shall provide the alleged Privileged Documents to the Court for in camera review.

14. MISCELLANEOUS

    14.1    Modification. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    14.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under the applicable Federal Rules of Civil Procedure.

    14.3    Right to Request or Agree Upon Additional Protection. Nothing in this Order abridges the right of any person to seek additional protection of documents from the Court or to agree upon additional protection of documents with any other person. The Parties specifically agree that they may seek or request additional protection of documents from the Court or the Parties upon a showing of good cause provided the efforts to seek or request additional protection are made in good faith and without the intent to harass or annoy a Party or to delay discovery.

14.4     Rights of Non-Parties. If a non-party provides discovery in connection with this action, and if the non-party so elects by signing a Joinder, then the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under this Order as would a Party.

14.5     Additional Parties or Attorneys. In the event additional parties or attorneys join or are joined in this action, they will be bound by this Order.

14.6     No Party shall be obligated to challenge the appropriateness of any confidentiality designation by another Party, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation in another or subsequent matter or action. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is marked with a confidentiality designation under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. The fact that any information is disclosed, used, or produced in any court proceeding with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

14.7     Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations herein shall not apply, or shall cease to apply, to any information that:

(a)     At the time of disclosure hereunder was already lawfully in the possession of the Receiving Party and was not acquired under any obligation of confidentiality; or

(b)     At the time of disclosure hereunder was, or subsequently becomes, through no fault of the Receiving Party, a public document or publicly available.

14.8    Nothing in the provisions of this Order shall prevent a Designating Party from using its own Confidential Information in any manner such Designating Party desires subject to the rights of any other Party or non-party who has an interest in such Confidential Information.

14.9    This Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time.  Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

14.10   The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as Confidential Information; shall use their best efforts to act in good faith to separate out and segregate documents, things and other material containing Confidential Information from those that do not contain Confidential Information; shall use their best efforts to act in good faith to limit the number of persons to whom Confidential Information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

IT IS SO ORDERED.

Signed: November 5, 2019

_____
David C. Keesler
United States Magistrate Judge

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have reviewed in its entirety and understand the Protective Order that was issued in the case of *United States of America and the State Of North Carolina ex rel. Amanda Sharpe, and Amanda Sharpe, Individually, v. Allergy Partners, P.A., and David A. Brown, M.D.,* United States District Court for the Western District of North Carolina, Civil Action No. 1:17-CV-261- MR-DCK. The undersigned agrees to comply with and to be bound by all the terms of the Protective Order, and understands and acknowledges that failure to so comply could result in sanctions and punishment in the nature of contempt. The undersigned covenants not to disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

Date: _____

City and State where signed: _____

Name: _____

Signature: _____

Printed Name: _____